The Chancellor.
The ante-nuptial contract is sufficiently proved. The subscribing witnesses being dead, their handwriting subscribed to the instrument, and also the hand-writing of the parties is proved. There is no express evidence of the lelivery of the instrument, and it was in the possession of Robert Wilson, the husband.
But he spoke of it as a valid agreement, and allowed his wife to use and manage her estate in accordance with its terms. He recognized it in his will, and it is fair to presume that it was duly delivered, although he may have had the custody of it.
The will of Ann Wilson was a good execution of the power reserved by the ante-nuptial contract: Braddish v. Gibbs, 3 John. Chan. R. 523, and the cases there cited; Emery v. Neighbor, 2 Hals. R. 142.
The informality of the contract does not destroy it, the intention, and not the form, being the object of inquiry: Wright v. Englefield, Ambler, 474; Rippon v. Dawling, Ibid, 565.
The legacies given by the will must be considered good, and. must be paid, if her estate was sufficient.
It is said that she conveyed, in her life time, all her estate to Rescarrick Moore and his wife, in consideration of their servi *488 ces in taking care of her during the last six months of liei life.
The instrument made for that purposes by her husband, to Moore and wife, could not convey her estate; it would violate the ante-nuptial contract, by which was secured to her the sole right to will or bequeath her property to whom she pleased.
Some evidence is given of her declarations of having given the property to Moore and wife, and her regret that it was all she had to give them for their care of her.
But whatever may have been her right of disposing of the property otherwise than by will, and whatever may have been her meaning by such declarations, they are all overcome by the subsequent acts of Moore and wife, who, as her executors proved her will, and filed an inventory under their respective oaths, of the very property in question.
The only remaining inquiry is, whether the estate of Rescarrick Moore is liable for the amount of the legacies.
It is in evidence that all her property was delivered to him at the time that Mrs. Wilson went to live with him; that he found in making an inventory of it, that after her death at Least nine hundred dollars was paid to him upon obligations formerly belonging to her.
In whatever capacity he received this property and money, he became liable for it during his life time, and his estate after his death. And such must have been his understanding when he acknowledged his liability to the legatees.
The executor of an executor, is the executor of the first testator. But the defendant is not sued as an executor of Ann Wilson, but as executor of Rescarrick Moore, and as such he is bound to respond to the complainant for the legacy due to her, in due course of the administration of the assets which came to his hands.
Let there be a reference to ascertain the amount due to the complainant.
Affirmed. 1 Hal. Ch. 649.
Cited in Woodward v. Woodward, 4 Hai. Ch. 784; Frey v. Demarest, 1 C. E. Gr. 239.